356

## Dellera v. Montell

*Hammer & Hammer,* for plaintiff.
*Robert M. Carson,* for defendants.

SCULCO, J., January 18, 1972.—This matter comes before the court en banc for determination of defendants' preliminary objections to plaintiff's complaint in assumpsit. Plaintiff, Lou Dellera, filed a complaint in assumpsit on August 19, 1971, basing his claim for money damages on a written contract which is attached to and made a part of the complaint. Under the contract, plaintiff was to dismantle a barn owned by defendants, in turn for which the wood from the barn was to become the property of plaintiff. This agreement provides that Mr. Montell, one of defendants, was to retain some of the rafters from the barn. There is a statement in the agreement that "Mr. Bruce Huber who will be assisting and sharing in the above also agrees to the above." This agreement was signed by all of the parties to this complaint in assumpsit as well as Mr. Bruce Huber. Paragraph numbered 4 of the complaint reads as follows:

"4. Mrs. Bruce Huber, who signed said contract, was an agent of plaintiff and is not involved in this action."

The complaint alleges, among other things, that defendants did not permit plaintiff to remove the wood that remained after the dismantling of the barn which included ". . . forty (40) large beams, many rafters and a large pile of siding. . . ." It further alleges that defendants took 30 large beams belonging to plaintiff and used them for their own purposes. A claim for $5,250 is made for the 70 large beams based on an average worth of $75 a piece. A claim for $2,000 is made for the other wood, consisting of the rafters and siding.

Preliminary objections in the nature of a more specific statement and a motion to strike off said complaint were filed on behalf of defendants which read as follows:

"1. The Complaint as filed has attached as Exhibit A what is called a 'written contract' in the pleadings. Among other things, this paper is signed by 'Mr. Bruce Huber,' who is not joined in as party plaintiff, and no reason appears in the Complaint for such omission.

"2. The Complaint in paragraph 4 avers that 'Mrs. Bruce Huber, who signed said contract, was an agent of plaintiff and is not involved in this action.' There is no specific averment set forth as to how and what Mrs. Huber acknowledged as agent for plaintiff, nor why any statement should be made that she is not involved in this action as her name does not appear on the contract and no averment as to a specific agency and duties she performed as said agent is made.

"3. It is averred that 'defendants took thirty (30) large beams,' but there is no averment as to what type of beams as to make-up, size, condition, and the like is concerned.

"4. The Complaint is unclear, indefinite, and not specific in paragraph 8 so far as a definition and explanation of the quantity is concerned.

"5. The Complaint is unclear, indefinite, and not specific in paragraph 9 as to whether the given price is a market price or what it is, nor is any basis for determining the price set forth.

"6. The Complaint is unclear, indefinite, and not specific in paragraph 10 as to whether the given price is a market price or what it is, nor is any basis for determining the price set forth, nor does it list the quantity of wood with preciseness.

"7. The said Complaint, as to the wood involved, is vague and indefinite to the extent that defendants are not able to prepare a proper answer.

" . . .

"8. Failure to join all necessary parties.

"9. Failure to set forth in detail the duties or obligations of the agent and why said agent should not be made a party.

"10. Failure to definitely and specifically give listings of the wood as to size, type, quantity, and market value, and other necessary descriptions to properly identify same.

"11. From the Complaint it would appear that plaintiff has completely neglected to list whether or not he removed any wood from the premises, the quantity of the same removed, if any, and the value of the same."

The first objection questions the failure of plaintiff to join "Mr. Bruce Huber" as a party plaintiff in this action. An examination of Exhibit "A" of the complaint, being the written agreement upon which the claim of plaintiff is based, reveals that Mr. Bruce Huber was a party to the agreement. His interest in the contract would be joint with that of plaintiff, Mr.

Lou Dellera. Rule 2227(a) of the Pennsylvania Rules of Civil Procedure, titled Compulsory Joinder, reads as follows:

"(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants."

This rule would require that Mr. Bruce Huber be joined as a party plaintiff, since his interest in the contract appears to be joint. There is a reference in paragraph 4 of the complaint that Mrs. Bruce Huber had signed the contract as an agent of plaintiff and was not involved in this action. Plaintiff obviously intended this reference to be to Mr. Bruce Huber rather than Mrs. Bruce Huber. However, it is the opinion of this court that since no explanation is given for the failure of Mr. Bruce Huber to be named as a party plaintiff, preliminary objection numbered 1 must be sustained.

Counsel for defendants argue that plaintiff's complaint is not specific enough in that the "thirty (30) large beams" referred to in paragraph 7 are not sufficiently described as to what type of beams as to make-up, size, condition, and the like is concerned. They further argue that the description of the rafters and siding referred to in the complaint should be more specific as to items, dates and amounts. If the reference to the 30 beams is not sufficiently described to satisfy defendants, the rules of discovery are available to counsel and should be used to ascertain the information desired. The same remedy is available to defendants as to the rafters and siding. The court cannot lose sight of the fact that the complaint is referring to beams, rafters and siding that were part of a barn owned by defendants and dismantled by the plaintiff pursuant to a written contract. We must assume that defendants have a complete knowledge as to what rafters and siding are referred to in the complaint. The

court is also cognizant of the difficulty of describing in more detail the quantity of rafters and siding in issue here.

Defendants next argue that the mere reference to 70 large beams and rafters and siding, without a more detailed description of the make-up of the items, size, condition and amounts is insufficient insofar as the monetary claim for damages alleged in the complaint is concerned. As to the 70 beams referred to in the complaint, this court disagrees with defendants' contention. The value of $75 for each beam as alleged in paragraph 9 of the complaint gives a sufficient basis for the money damages as to these items. As to the other wood, consisting of the rafters and siding, the court agrees with counsel for defendants that a more detailed description as to items, dates and amounts forming a basis for the claim of $2,000 be set forth in the complaint. Defendants' preliminary objection on this point is sustained.

The balance of defendants' brief argues points which are not properly a basis for preliminary objections and these arguments will not be discussed in this opinion.

We, therefore, enter the following order:

## ORDER OF COURT

And now, January 18, 1972, after due and careful consideration of the pleadings and the brief of counsel for defendants, it is ordered, adjudged and decreed that defendants' preliminary objection number 1 be and the same hereby is sustained and that one "Mr. Bruce Huber" be joined as a party plaintiff or adequate reason for his failure to appear as a party be given. Preliminary objection numbered 6 is sustained and plaintiff is ordered to more specifically set forth the basis for the claim of $2,000. All other objections set

forth in defendants' preliminary objections are dismissed.

Plaintiff is given 20 days from the date of this opinion to amend his complaint in accordance with the opinion of this court.